UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-DAM,<br><br>        Plaintiff,<br><br>    v.<br><br>ALL SAINTS REHAB PROPERTIES LLC,<br><br>        Defendant. | No. 1:20-cv-00702-DAD-SKO<br><br><br><br>FINAL PRETRIAL ORDER |

On April 18, 2022, the court conducted a final pretrial conference. Attorney Kevin James Rooney appeared as counsel for plaintiff; attorney Shawn R. Parr appeared as counsel for defendant. Having considered the parties' objections, the court issues this final pretrial order.

Plaintiff Tri-Dam brings this action against defendant to enjoin defendant from maintaining an unpermitted dock within Tri-Dam's project boundary on Tulloch Reservoir. Plaintiff brings a federal claim arising under the Federal Power Act and state law claims for public nuisance, private nuisance, trespass, and interference with an express easement.

I.     JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1337. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(c). Venue is not contested.

/////

## II. JURY

The parties agree that this action will be tried by the court in a bench trial.

## III. UNDISPUTED FACTS

1. Defendant owns the property at issue in this litigation, located at 88 Sanguinetti Court, Copperopolis, CA 95228 (the "Property"), and has since 2020.

2. There is a dock attached to the Property that lies within the Federal Energy Regulatory Commission ("FERC") project boundary.

3. Before defendant purchased the Property, Tri-Dam had issued a permit for the dock.

4. Tri-Dam has notified defendant of the need to apply for a new permit for the dock.

5. Defendant has never applied to Tri-Dam for a permit for the modified dock.

## IV. DISPUTED FACTUAL ISSUES

1. Defendant contests all allegations and averments in the Complaint other than those enumerated above.

## V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties do not anticipate filing any motions *in limine*. Nevertheless, any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

## VI. SPECIAL FACTUAL INFORMATION

Special factual information, pursuant to Local Rule 281(b)(6), is not applicable to this action.

## VII. RELIEF SOUGHT

1. Plaintiff does not seek monetary damages.

2. Plaintiff seeks a permanent injunction: (1) prohibiting defendant from installing, possessing, or maintaining facilities within the Tri-Dam Project Boundary without seeking prior approval and obtaining a permit from Tri-Dam; (2) prohibiting defendant from installing, possessing, or maintaining facilities within the Tri-Dam Project Boundary that is not in compliance with a permit obtained from Tri-Dam; (3) requiring defendant within ten days of the permanent injunction to submit plans to Tri-Dam for removal of facilities that were installed without prior approval from Tri-Dam; (4) providing for the abatement of the public and private nuisance that defendant's continuing violation of the Calaveras Code represents; and (5) enjoining defendant from unreasonably interfering with Tri-Dam's Easements.

3. Plaintiff also seeks its costs for prosecuting this action and reserves its right to seek reasonable attorney's fees.

VIII. <u>POINTS OF LAW</u>

The claims and defenses remaining for trial arise under state law. All of plaintiff's claims are brought against the defendant, All Saints Rehab Properties LLC.

1. The elements of, standards for, and burden of proof in a public nuisance claim.
2. The elements of, standards for, and burden of proof in a private nuisance claim.
3. The elements of, standards for, and burden of proof in a claim for interference with an express easement.
4. The elements of, standards for, and burden of proof in an affirmative defense of plaintiff's alleged failure to state a claim upon which relief can be granted.
5. The elements of, standards for, and burden of proof in an affirmative defense of plaintiff's alleged lack of standing to assert all, some, or any claims for relief.
6. The elements of, standards for, and burden of proof in an affirmative defense under the doctrine of waiver.
7. The elements of, standards for, and burden of proof in an affirmative defense under the doctrine of laches.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX. **ABANDONED ISSUES**

    1.    Plaintiff abandons its first cause of action for a violation of the Federal Power Act.

    2.    Plaintiff abandons its fourth cause of action for trespass.

    3.    Defendant abandons its affirmative defenses Nos. 3, 4, 7–14.

X. **WITNESSES**

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

    A.    **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

        (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)    The court and opposing parties were promptly notified upon discovery of the witness;

        (3)    If time permitted, the party proffered the witness for deposition; and

/////

1                 (4)      If time did not permit, a reasonable summary of the witness's testimony
2                          was provided to opposing parties.

## XI. EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits are listed in **Attachment C**. Plaintiff's exhibits are listed in **Attachment D**. Defendant's exhibits are listed in **Attachment E**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

      (1)    The exhibits could not reasonably have been discovered earlier;

      (2)    The court and the opposing parties were promptly informed of their existence;

      (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.    <u>DISCOVERY DOCUMENTS</u>

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.    Defendant Bernadette Cattaneo's entire deposition taken in this action June 23, 2021.

2.    Defendant's Responses to Plaintiff's Special Interrogatories, Set No. One.

3.    Defendant's Responses to Plaintiff's Requests for Production, Set No. One.

4.    Defendant's Responses to Plaintiff's Requests for Admission, Set No. One.

5.    Steven Perricone's entire deposition.

Defendant has not indicated the intent to use any discovery documents at trial.

XIII.    <u>FURTHER DISCOVERY OR MOTIONS</u>

None.

XIV.    <u>STIPULATIONS</u>

None.

XV.    <u>AMENDMENTS/DISMISSALS</u>

None, other than plaintiff abandoning its first and fourth causes of action.

XVI.    <u>SETTLEMENT</u>

The parties continue to try to resolve the matter. There is currently a pending settlement offer. The parties do not believe a settlement conference is necessary. However, as the court discussed with the parties during the final pretrial conference, the undersigned requires parties to

participate in a court-supervised settlement conference before proceeding to trial.  Because the parties have not yet participated in a court-supervised settlement conference, the court will order the parties to schedule such a settlement conference with a magistrate judge before proceeding to trial in this action.

Accordingly, this case is referred to Magistrate Judge Sheila K. Oberto for the setting of a settlement conference to be held prior to the trial date set by this order.

XVII.   JOINT STATEMENT OF THE CASE

Because this is a bench trial, presentation of an agreed statement of facts is not necessary.

XVIII.  SEPARATE TRIAL OF ISSUES

None.

XIX.    IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX.     ATTORNEYS' FEES

Plaintiff will seek attorneys' fees and costs if it prevails.  The parties believe that the court should ascertain attorneys' fees in the time and manner set forth in Local Rule 293.

XXI.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII.   MISCELLANEOUS

None.

XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

A bench trial is set for November 1, 2022 at 8:30 a.m. in Courtroom 5 before the assigned district judge.

Trial is anticipated to last 3 court days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV.   PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

Because this is a bench trial, jury *voir dire* and jury instructions are not necessary.

XXV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

IT IS SO ORDERED.

Dated:   **May 5, 2022**                              /s/ Dale A. Drozd
                                                     UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List

1. Jarom Zimmerman, Tri-Dam General Manager c/o Downey Brand LLP
2. Susan Larson, FERC License Coordinator of Tri-Dam c/o Downey Brand LLP
3. Dan Pope, Former Tri-Dam General Manager, c/o Downey Brand LLP
4. Steve Felte, Former Tri-Dam General Manager, c/o Downey Brand LLP
5. Steven Perricone, previous owner of the Property
6. Sandra Perricone, previous owner of the Property
7. Bernadette Cattaneo, Owner and Manager of Defendant, c/o Parr Law Group

**ATTACHMENT B**

Defendant's Witness List

1. Jarom Zimmerman, Tri-Dam General Manager c/o Downey Brand LLP
2. Susan Larson, FERC License Coordinator of Tri-Dam c/o Downey Brand LLP
3. Dan Pope, Former Tri-Dam General Manager, c/o Downey Brand LLP
4. Steve Felte, Former Tri-Dam General Manager, c/o Downey Brand LLP
5. Steven Perricone, previous owner of the Property
6. Sandra Perricone, previous owner of the Property
7. Bernadette Cattaneo, Owner and Manager of Defendant, c/o Parr Law Group
8. Rod Hawkins, Hawkins Engineering, Modesto
9. Rick Lopes, contractor of 88 Sanguinetti Court

**ATTACHMENT C**

Joint Exhibit List

JX1. Grant Deed to Property (Recorded 6/16/2016) (Steven Perricone Deposition Exhibit 1 and Bernadette Cattaneo Deposition Exhibit 1)

JX2. November 7, 2002, Letter from Tri-Dam to Steven and Sandra Perricone with Attached Permits #s 02-03 and 02-04 (Steven Perricone Deposition Exhibit 2 and Bernadette Cattaneo Deposition Exhibit 2)

JX3. August 21, 2003, Letter from Tri-Dam to Steven and Sandra Perricone with Attached Permits #s 02-03 (Steven Perricone Deposition Exhibit 3 and Bernadette Cattaneo Deposition Exhibit 3)

JX4. Tri-Dam Permit #04-45 issued to Steven and Sandra Perricone (Steven Perricone Deposition Exhibit 4)

JX5. Google Maps satellite photo of property dated 9/15/2011 (Steven Perricone Deposition Exhibit 8)

JX6. Google Maps satellite photo of property dated 3/14/2016 (Steven Perricone Deposition Exhibit 9)

JX7. Google Maps satellite photo of property dated 5/17/2017 (Steven Perricone Deposition Exhibit 10)

JX8. Google Maps satellite photo of property dated 8/31/18 (Steven Perricone Deposition Exhibit 11)

JX9. Picture taken of right side of dock from shore (Steven Perricone Deposition Exhibit 7 and Bernadette Cattaneo Deposition Exhibit 5)

**ATTACHMENT D**

Plaintiff's Exhibit List

1. Tri-Dam's FERC License
2. 2015 Shoreline Management Plan
3. Articles of Organization for Defendant (filed 4/15/20)
4. Secretary of State Statement of Information for Defendant
5. Quitclaim Deed for Property (Recorded 4/27/20)
6. Defendant's Responses to Plaintiff's Special Interrogatories, Set No. One
7. Picture taken facing dock for Property from shoreline behind 108 Sanguinetti Court with water in reservoir (Bernadette Cattaneo Deposition Exhibit 6)
8. Picture taken facing dock for Property from shoreline behind 108 Sanguinetti Court without water in reservoir (Bernadette Cattaneo Deposition Exhibit 7)

**ATTACHMENT E**

Defendant's Exhibit List

A. 2002 Shoreline Management Plan

B. Picture taken of dock from top of ramp (Steven Perricone Deposition Exhibit 5)

C. Picture of dock and house taken from middle of water (Steven Perricone Deposition Exhibit 6)

D. Letter from Rod Hawkins to Rick Lopes dated April 1, 2002

E. Google Maps satellite photo of property from 2005